UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMPSON PERFORMANCE PRODUCTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NECKSGEN INC.,<br><br>Defendant. | Case No.: 3:17-cv-01704-BEN-MDD<br><br>**ORDER:**<br><br>**(1) DENYING AS MOOT MOTION TO STAY ACTION PENDING INTER PARTES REVIEW; and**<br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

In this patent infringement action, Plaintiff Simpson Performance Products, Inc. ("Simpson") alleges Defendant NecksGen Inc. ("NecksGen") infringed its ownership rights to U.S. Patent No. 9,351,529 B1. Now pending before the Court are Defendant's renewed motion to dismiss Plaintiff's First Amended Complaint and Defendant's motion to stay action pending inter partes review. (Docket Nos. 37, 44.) The motions are fully briefed. For the reasons that follow, the motion to stay pending inter partes review is **DENIED as moot**, and the motion to dismiss is **GRANTED in part** and **DENIED in part**.

///

///

# BACKGROUND[1]

Plaintiff Simpson manufactures automotive and motorsports specialty/performance products, including head and neck restraints for competitive racing. It is the named assignee of U.S. Patent No. 9,351,529 B1 ("the '529 Patent"). The '529 Patent, entitled "Multi-Point Tethering System for Head and Neck Restraint Devices," was issued on May 31, 2016.

Defendant NecksGen is an automotive and motorsports products supplier; it sells safety equipment for professional and amateur drivers including head and neck restraints for competitive racing. Simpson alleges that two of NecksGen's products, the NecksGen REV and the NecksGen REV2LITE ("the Accused Devices"), infringe claims 1, 8, and 14 of the '529 Patent. Specifically, Simpson alleges NecksGen is liable for (1) direct infringement under 35 U.S.C. § 271(a); (2) induced infringement under 35 U.S.C. § 271(b); and (3) contributory infringement under 35 U.S.C. § 271(c). Simpson further seeks enhanced damages for alleged willful infringement under 35 U.S.C. § 284.

# PROCEDURAL HISTORY

On August 24, 2016, Plaintiff filed its initial complaint asserting a single claim for patent infringement in the U.S. District Court for the Western District of North Carolina. (Docket No. 1.) On December 14, 2016, Defendant filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 11), which Plaintiff elected to respond to by filing the operative First Amended Complaint (Docket No. 12). On January 25, 2017, Defendant moved to dismiss Plaintiff's FAC, again under Rule 12(b)(6) for failure to state a claim. (Docket No. 16.) On June 6, 2017, Defendant filed a motion to dismiss for improper venue in light of the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.

---

[1] The following overview of the facts are drawn from the allegations of Plaintiff's First Amended Complaint (Docket No. 12, "FAC"), which the Court assumes true for purposes of evaluating Defendant's motions. The Court is not making factual findings.

2

3:17-cv-01704-BEN-MDD

Ct. 1514 (2017). (Docket No. 20.) On August 22, 2017, the Honorable District Judge Richard Voorhees issued an order denying as moot Defendant's motion to dismiss the initial complaint, granting Defendant's motion to dismiss for improper venue, and transferring the action to this District. (Docket No. 25.)

On August 29, 2017, the case was assigned to this Court. After considering the procedural history of the case, this Court denied Defendant's motion to dismiss the FAC without prejudice. (Docket No. 29.) On September 22, 2017, Defendant filed a renewed Rule 12(b)(6) motion to dismiss Plaintiff's FAC. (Docket No. 37.) On December 5, 2017, after its motion to dismiss was fully briefed, Defendant filed a motion to stay the action pending inter partes review ("IPR") on the grounds that it had filed an IPR petition to contest the validity of the '529 Patent with the United States Patent and Trademark Office's ("USPTO's") Patent Trial and Appeals Board ("PTAB"). (Docket No. 44.)

While both motions were pending, the PTAB issued a decision denying Defendant's IPR petition for the '529 Patent, rendering moot Defendant's motion to stay. *NecksGen, Inc. v. Simpson Performance Prods, Inc.*, Case No. IPR2018-00133 (P.T.A.B. May 4, 2018) (Paper No. 9). Accordingly, Defendant's motion to stay action pending IPR review is **DENIED**, and the Court shall proceed to evaluation of its remaining motion to dismiss for failure to state a claim.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

"A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

3:17-cv-01704-BEN-MDD

alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). While the Court must draw all reasonable inferences in the non-movant's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### A. Direct Infringement

To survive motion to dismiss, a plaintiff asserting a claim for direct patent infringement must plausibly allege that the defendant, "without authority[,] makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a); *see also Scripps Research Inst. v. Illumina, Inc.*, No. 16-CV-661-JLS (BGS), 2017 WL 1361623, at *3 (S.D. Cal. Apr. 14, 2017) (same).

Defendant argues Plaintiff has not met its pleading burden because the FAC does not sufficiently allege the Accused Devices "meet each and every limitation" of the allegedly infringed claims of the '529 Patent. (Mot. at p. 4.) In essence, Defendant contends that because claims 1, 8, and 14 of the '529 Patent necessarily include a helmet and the Accused Products do not include a helmet, Plaintiff has not and ultimately cannot state a claim for direct patent infringement. Plaintiff responds that Defendant's motion improperly seeks a premature claim construction. The Court agrees.

Whether a helmet is required for infringement of claims 1, 8, and 14 of the '529 Patent is an issue of claims construction, which is not properly considered in a 12(b)(6) motion.[2] *Discflo Corp. v. Am. Process Equip., Inc.*, No. 11-CV-00476 BTM (RBB),

---

[2] Throughout its motion, Defendant argues Plaintiff's FAC consists of legal conclusions or conclusory allegations, which the Court should not accept. However, Defendant's motion to dismiss the direct infringement claim relies on Defendant's own

4

2011 WL 6888542, at *2 (S.D. Cal. Dec. 29, 2011). Here, the FAC identifies the patent at issue, the allegedly infringing products, the claims allegedly infringed by the products, and alleges "Defendant offers to sell and/or sells" those products "directly and/or indirectly through authorized distributors and/or other intermediaries." (FAC ¶ 23.) The Court finds Plaintiff has met its pleading burden. Accordingly, Defendant's motion to dismiss Plaintiff's claim for direct infringement is **DENIED**.

**B.	Indirect Infringement**

1)	Induced Infringement

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To state a claim for inducement pursuant to 35 U.S.C. § 271(b), a plaintiff must plausibly allege "first that there has been direct infringement, and second that the alleged infringer *knowingly* induced infringement and possessed *specific intent* to encourage another's infringement." *FootBalance Sys. Inc. v. Zero Gravity Inside, Inc.*, No. 15-CV-1058 JLS (DHB), 2016 WL 903681, at *3 (S.D. Cal. Feb. 8, 2016) (quoting *Kyocera Wireless Corp. v. Int'l Trade Comm'n,* 545 F.3d 1340, 1354 (Fed. Cir. 2008)) (additional citation and internal quotation marks omitted; emphasis added).

To induce infringement, a defendant must "actively and *knowingly*" aid and abet another's direct infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (quoting *Water Technologies Corp. v. Calco, Ltd.,* 850 F.2d 660, 668 (Fed.

---

legal conclusion regarding construction of claims 1, 8, and 14 of the '529 Patent. But "[d]etermination of an infringement claim involves a two-step inquiry. 'First, the claims are construed, a question of law in which the scope of the asserted claims is defined.'" *Discflo Corp. v. Am. Process Equip., Inc.*, No. 11-CV-00476-BTM (RBB), 2011 WL 6888542, at *2 (S.D. Cal. Dec. 29, 2011) (quoting *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.,* 261 F.3d 1329, 1336 (Fed. Cir. 2001)). "Second, the claims, as construed, are compared to the accused device . . . . This is a question of fact." *Id.* "The two-step process of '[c]laim construction and infringement analysis should not be resolved on a motion to dismiss.'" *Id.* (quoting *Fujitsu Ltd. v. Belkin Intern., Inc.,* 782 F. Supp. 2d 868, 890 (N.D. Cal. 2011)).

Cir. 1988)) (emphasis in original). A defendant's "knowledge of the acts alleged to constitute infringement" is not sufficient. *Id.* (quoting *Warner–Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir. 2003)) (citation omitted in original). Additionally, "[t]he mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." *Id.* (quoting *Warner–Lambert*, 316 F.3d at 1364) (internal quotation marks omitted).

Even assuming there has been direct infringement, the Court agrees with Defendant that the FAC lacks specific facts to plausibly allege that it knowingly induced infringement and possessed specific intent to encourage another's infringement. Simply put, other than its own conclusory allegation,[3] which the Court need not assume true, the FAC is completely devoid of any specific *factual* allegations regarding either Defendant's pre-suit knowledge of the '529 Patent or its intent to induce others to infringe the '529 Patent.

Accordingly, Defendant's motion to dismiss the inducement claim is **GRANTED**.

2) <u>Contributory Infringement</u>

"Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271(c).

---

[3] The only allegation regarding inducement states: "NecksGen intended to induce direct infringement by end users (e.g., drivers). For example, the Accused Devices are offered for sale and sold through NecksGen's website for use in conjunction with a helmet by drivers during the operation of a vehicle. Use of the Accused Devices as induced by NecksGen directly infringes the '529 Patent." (FAC ¶ 47.) This is not sufficient to plausibly state a claim for inducement.

To state a claim for contributory infringement under 35 U.S.C. § 271(c), a plaintiff must plausibly allege: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *FootBalance*, 2016 WL 903681, at *3 (quoting *Fujitsu Ltd. v. Netgear Inc.,* 620 F.3d 1321, 1326 (Fed. Cir. 2010)) (additional citation and internal quotation marks omitted).

Similar to Plaintiff's claim for inducement, the Court agrees with Defendants that the FAC lacks specific *factual* allegations from which the Court may draw a plausible inference of contributory infringement. Again, apart from Plaintiff's own conclusory allegation,[4] the FAC lacks factual allegations to plausibly establish Defendant's pre-suit knowledge of the '529 Patent, that the component had no substantial non-infringing uses, or that the component is a material part of the invention.

As a result, the Court also **GRANTS** Defendant's motion to dismiss Plaintiff's contributory infringement claim.

## C. Willful Infringement

Finally, Defendant seeks dismissal of Plaintiff's willful infringement claim and to strike the accompanying request for enhanced damages under 35 U.S.C. § 284 on the grounds that the FAC lacks plausible allegations of its pre-suit knowledge of the alleged infringement of the '529 Patent. Alternatively, Defendant asserts Plaintiff fails to state a claim for willful infringement based on guidance provided by the Supreme Court in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016). In response, Plaintiff argues that, post-*Halo*, pre-suit knowledge is no longer a prerequisite to willful infringement

---

[4] The only allegation regarding contributory infringement states: "The Accused Devices are intended to be used and are used only as a restraint device for controlling a driver's head during operation of a vehicle, and thus, clearly have no substantial non-infringing uses. Furthermore, NecksGen knows that the Accused Devices are especially made or especially adapted to infringe." (FAC ¶ 45.) Like the inducement allegation, this is insufficient to meet Plaintiff's pleading burden.

and, regardless, its pleadings are sufficient to support its claim. The Court agrees with Defendant that the FAC fails to state a claim for willful infringement.[5]

To establish willful infringement, a patentee must plead that "the infringer was aware of the asserted patent, but nonetheless 'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.'" *Commercial Copy Innovations, Inc. v. Ricoh Elecs., Inc.*, No. SAC-V17437-JVS (KESX), 2017 WL 7838719, at *5 (C.D. Cal. Oct. 16, 2017) (quoting *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011)) (internal quotation marks omitted). In this case, Plaintiff merely alleges in a conclusory fashion that:

> NecksGen's infringement of the '529 Patent is willful because NecksGen continues to make, import, sell, offer of sale, and/or use the Accused Devices and has knowledge that its actions constitute infringement of the '529 Patent (at least since being notified thereof by virtue of this lawsuit). . . [.] NecksGen has expanded its infringement of the '529 Patent since the filing of this lawsuit by subsequently adding the NecksGen REV2LITE head and neck restraint to its product offerings. Accordingly, pursuant to 35 U.S.C. § 284, Simpson isentitled [sic] to an increase in the damages awarded up to three times the amount found or assessed by this Court or a jury.

(FAC ¶ 49.) Once again, these are Plaintiff's own conclusions, which the Court need not assume true.

Moreover, in *Halo*, the Supreme Court discussed that:

> Section 284 allows district courts to punish the full range of culpable behavior. Yet none of this is to say that enhanced

---

[5] The Court acknowledges that, post-*Halo*, there is a split in authority as to whether a plaintiff must allege pre-suit knowledge to plausibly allege a claim for will infringement (and thus be eligible for enhanced damages). *Commercial Copy Innovations, Inc. v. Ricoh Elecs., Inc.*, No. SACV-17437-JVS (KESX), 2017 WL 7838719, at *5 (C.D. Cal. Oct. 16, 2017) (comparing cases). However, at this stage, because the Court finds Plaintiff has not sufficiently alleged willful infringement (either pre- or post-suit), it declines to decide this issue.

> damages must follow a finding of egregious misconduct. As with any exercise of discretion, courts should continue to take into account the particular circumstances of each case . . . [.] Consistent with nearly two centuries of enhanced damages under patent law, however, such punishment should generally be reserved for egregious cases typified by willful misconduct.

*Halo*, 136 S. Ct. at 1933-34 (emphasis added). In short, the FAC is further deficient because it fails to plausibly allege an inference that Defendant engaged in egregious conduct. *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG, 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017) ("Plaintiff provides no specific factual allegations about Defendant's subjective intent or details about the nature of Defendant's conduct to render a claim of willfulness plausible, and not merely possible.") (citing *Twombly*, 550 U.S. at 570; *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017)). Accordingly, Defendant's motion to dismiss and request to strike Plaintiff's request for enhanced damages are **GRANTED**.

## CONCLUSION

For all of the reasons stated above, the Court **GRANTS in part and DENIES in part** Defendant's motion to dismiss. Specifically, Plaintiff's direct infringement claim remains, while the inducement, contributory infringement, and willful infringement claims are **DISMISSED with leave to amend**. In addition, Plaintiff's request for enhanced damages pursuant to 35 U.S.C. § 284 is **STRICKEN with leave to amend**. If Plaintiff elects to amend its pleading, it must file a Second Amended Complaint ("SAC") that cures the defects identified above within **ten (10) days** of the date this Order is filed.

**IT IS SO ORDERED.**

Dated: May 16, 2018

Hon. Roger T. Benitez
United States District Judge